IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WELLINGTON POWER CORPORATION
    Plaintiff,                                         06cv1019
    v.                                              ELECTRONICALLY FILED

LOCKHEED MARTIN CORPORATION,
LOCKHEED MARTIN DISTRIBUTION TECHNOLOGIES,
LOCKHEED MARTIN SYSTEMS INTEGRATION-OWEGO,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
    Defendants,

    and

CONTROL TOUCH SYSTEMS, INC.,
MBD CONSTRUCTION COMPANY, INC.,
    Additional Defendants.

**MEMORANDUM OPINION ON MOTION TO DISMISS
AND/OR FOR MORE DEFINITE STATEMENT (DOC. NO. 6)**

**September 15, 2006**

      Before the Court is a motion by the Lockheed defendants and Travelers to dismiss the complaint or to require plaintiff to file a more definite amended complaint. After careful consideration of the motion and response, and the briefs in support and in opposition, the Court will deny the motion.

      In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355

U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of its claims, and the motion to dismiss must be denied.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has stated that "[s]uch simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48.

If a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement. Fed.R.Civ.P. 12(e). Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the

federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." *A.M. Skier Agency, Inc. v. Creative Risk Services, Inc.*, 2006 WL 167762, *12 (M.D.Pa. 2006); see also *Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967) ("Although the motion for a more definite statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.")

Plaintiff's complaint herein is not such a "rare case," as it adequately alleges claims for breach of contract, unjust enrichment, Pennsylvania's Prompt Payment Act and breach of bond obligations.  The facts could be more precise but they are certainly adequate for notice pleading and they certainly inform the defendants of the nature of plaintiff's claims and provide enough information for them to be able to answer the complaint intelligently.  Discovery and the other pretrial procedures established by the Rules of Civil Procedure will, no doubt, disclose more precisely the basis of both claims and defenses and will narrow the disputed facts and issues. The motion for a more definite statement will therefore be denied.

An appropriate order will follow.

**SO ORDERED this 15th day of September, 2006**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of ECF record